## Chicago, Burlington & Quincy R. R. Co. v. Mary Maney, Administratrix of the Estate of Daniel Maney.

1. PLEADING—*Pleas to Part, Purporting to be to the Whole Demand.*—A plea which professes to be the whole of the plaintiff's demand, but which shows a defense to only a part, is bad.

2. RAILROAD COMPANIES—*Duty of Engineer and Fireman.*—The law does not require the engineer and fireman to be constantly looking ahead of the moving engine. Their attention is required by the work of attending to the locomotive.

3. ORDINARY CARE—*No Recovery in the Absence of.*—If a person

neglects precaution which would have saved his life, and which a reasonably careful man would not have omitted, his personal representatives can not recover.

**Memorandum.**—Action for damages; death from negligent act. In the Circuit Court of Cass County; the Hon. LYMAN LACEY, Judge, presiding: declaration in case; plea of not guilty; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the May term, 1894. Reversed and remanded. Opinion filed December 14, 1894.

SWEENEY & WALKER, attorneys for appellant; O. F. PRICE and A. A. LEEPER, of counsel.

MILLS & McCLURE, attorneys for appellee.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

This case was here at a former term. (49 Ill. App. 105.) There has been another trial, resulting in a verdict for plaintiff for $2,500, upon which judgment was entered, from which the present appeal is prosecuted.

Additional pleas were filed by defendant in which it was alleged that said Mary Maney, as the widow of the deceased, had accepted the sum paid in pursuance of the contract by Daniel Maney with the company from the " relief fund," and had released her personal claim for the damages sued for, wherefore there could be no recovery for such damages, so by her released. The pleas were clearly bad in form, because, while professing to bar the whole of the plaintiff's demand, they showed a defense to only a part; but we do not see how a plea in bar could be properly framed upon the facts stated. Granting the facts, the administratrix was not barred of the action, which was for benefit of the widow and next of kin.

Perhaps the administratrix might have released and discharged the whole demand before suit brought. Henchey v. The City of Chicago, 41 Ill. 136. Yet the wife certainly could not. We are of opinion the Circuit Court properly sustained a demurrer to the additional pleas. We are not disposed to recede from the views heretofore expressed as to

the effect of the contract and agreement of Daniel Maney in reference to the liability of the company to his administratrix for the benefit of the widow and next of kin under the statute, and it is unnecessary to again discuss that question.

The point is now raised that upon the evidence it does not appear that Daniel Maney exercised due care at the time he was injured, or that the company was guilty of negligence. It appears that he was walking between the rails of a switch track and was run upon by an engine, which was engaged in switching, and which was then backing in the same direction that he was going.

He had been to the freight depot for the purpose of getting his pay check for services previously rendered, and for some reason of his own, was going toward the passenger depot, some distance northwest from the freight depot.

Several switch tracks converged in the direction he was going, and after he had walked a short distance between the main track and the first switch track on the left, he turned to the left, crossed the intervening tracks and stopped on the switch track No. 3, a little in front of the tender of the engine, which was in backward motion. How far he walked before he was overtaken is not clear, but it was certainly but a few feet or yards at most.

He was overtaken, thrown down and had been run over by the tender and by the driving wheel of the engine before he was discovered by the engineer, who applied all the means at his command to stop, and did so just as the front truck reached the then dead body.

A careful reading of the evidence impresses us with the conclusion that there was no negligence upon the part of those in charge of the engine. It was moving very slowly, as shown by direct proof, and by the fact of its being stopped so quickly. The bell was ringing, as is clearly shown by the overwhelming preponderance of proof, and the engineer was a competent man for that service. He and his fireman were not looking in the direction of the deceased, but in this there was no negligence, since their attention was required otherwise by the work they were then doing.

Nor does the evidence support the allegation of due care on the part of the deceased. Conceding that he was not a trespasser, in the technical sense, yet he was violating a printed order of the company, a copy of which he had in his pocket at the time, in walking between the rails. He was familiar with the place; knew that switching was then being done on those tracks; and there is evidence strongly tending to show that he knew the engine was then approaching on that track.

There is evidence also strongly tending to show that his mind was occupied with something else, as though reading a paper held in his hand at the time he stepped upon and walked along the track.

But whatever the cause, he neglected precautions which would have saved him, and which a reasonably careful man ought not have omitted. He was, no doubt, for the moment unmindful of the danger, and so lost his life.

Making all due allowance for the weight to be given the verdict, we think it so far opposed to the proof that the court erred in refusing a new trial. The judgment will be reversed and the cause remanded.